# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHELSEA D. RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-985-G |
| | ) |
| ANDREW SAUL,[1] | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On March 21, 2019, the Court entered a Judgment reversing the decision of the Commissioner of the Social Security Administration ("SSA") and remanding this case for further administrative proceedings. *See* J. (Doc. No. 23); *see also Riley v. Berryhill*, No. CIV-17-985-G, 2019 WL 1299377 (W.D. Okla. Mar. 21, 2019). Plaintiff Chelsea D. Riley now moves for an award of attorney's fees in the amount of $6336.80 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §§ 2412 et seq. *See* Pl.'s Mot. (Doc. No. 24). Defendant has objected to the Motion (Doc. No. 25) and Plaintiff has replied (Doc. No. 26).

    I.    *Attorney Fee Awards Under the EAJA*

Section 2412(d) of the EAJA provides that a prevailing party other than the United States shall be awarded reasonable fees in a civil action "unless the court finds that the position of the United States was substantially justified or that special circumstances make

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

an award unjust." 28 U.S.C. § 2412(d)(1)(A), (d)(2)(A). The "position of the United States" includes not only the position taken by the government in the present civil action but also "the action or failure to act by the agency upon which the civil action is based." *Id.* § 2412(d)(2)(D). "[T]he required 'not substantially justified' allegation imposes no proof burden on the fee applicant"; "the Government is aware, from the moment a fee application is filed, that to defeat the application on the merits, it will have to prove its position 'was substantially justified.'" *Scarborough v. Principi*, 541 U.S. 401, 403 (2004); *accord Hackett v. Barnhart*, 475 F.3d 1166, 1169 (10th Cir. 2007). To make this showing, the government must prove that its case "had a reasonable basis in law and in fact." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). The term "substantially justified" has been defined as "'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)); *see also* 28 U.S.C. § 2412(d)(1)(B) (prescribing that whether the government's position was substantially justified is determined based on the record before the court, including the record of the agency's action or failure to act upon which the civil action was based).

II. Whether Plaintiff Is the Prevailing Party

As noted above, the Court previously reversed the Commissioner's decision denying Plaintiff's application for supplemental security income under the Social Security Act, 42 U.S.C. §§ 1381-1383f. Having obtained reversal and remand under sentence four of 42 U.S.C. § 405(g), Plaintiff is considered the "prevailing party" for purposes of the

EAJA. *See* J. at 1; 28 U.S.C. § 2412(d)(2)(B); *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).

III.   *Whether the Government Has Shown Its Position Was Substantially Justified*

In the administrative proceedings below, the ALJ erred at step three by failing to properly evaluate whether Plaintiff met the criteria of Listing 12.05C for intellectual disability. *See Riley*, 2019 WL 1299377, at *3-4 (citing 20 C.F.R. pt. 404, subpart P app. 1, § 12.05 (2016)). Specifically, the ALJ found that the "'"paragraph C" criteria' of that Listing 'are not met because [Plaintiff] does not have a valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.'" *Id.* at *3.

The Court found that the ALJ erred by failing to discuss the first Listing 12.05C criterion—the capsule definition—and that the Court was not permitted to supply the missing analysis. *See id.* at *3-4. The Court further noted that the ALJ erred in finding that Plaintiff did not have a valid IQ score of 60 through 70 and that evidence reflected that Plaintiff met this and the other remaining criterion of the Listing. *See id.* at *4. The Court rejected Defendant's argument that the ALJ's failure could be excused as harmless. *See id.* ("Defendant has pointed to no confirmed or unchallenged findings made elsewhere in the ALJ's decision that *conclusively* negate the possibility that Plaintiff can meet Listing 12.05C." (alteration and internal quotation marks omitted)). Because "[t]he medical evidence undisputedly show[ed] that Plaintiff met the IQ-score and the other-severe-impairment criteria," and "[t]he Court could not find that Plaintiff fail[ed] to meet" the

capsule-definition criterion "without engaging in impermissible speculation and factfinding," reversal was required. *Id.* at *4-5.

Defendant objects to any award of fees, essentially arguing that "this case is exceptional because the Commissioner's litigation position 'cured unreasonable agency action.'" *Groberg v. Astrue*, 505 F. App'x 763, 768 (10th Cir. 2012) (alteration omitted) (quoting *Hackett*, 475 F.3d at 1174); *see Vincent v. Berryhill*, 247 F. Supp. 3d 1228, 1232 (W.D. Okla. 2017); *see also Gutierrez v. Sullivan*, 953 F.2d 579, 585 (10th Cir. 1992) (noting that the court can consider the reasonableness of the position the government takes both in the administrative proceedings and in the civil action the claimant commenced to obtain benefits). Defendant correctly notes that the Commissioner's position may be found to be substantially justified—and thus the Commissioner may avoid paying EAJA fees under this exception—"when the Commissioner "reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." Def.'s Resp. at 3 (quoting *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016)). Here, however, Defendant's one-sentence harmless-error argument appeared in a footnote, was not specific to the ALJ's step-three error, and failed to address the authorities rejecting the proposition that the Court could dismiss a capsule-definition-related error as harmless. *See* Def.'s Br. (Doc. No. 17) at 27 n.4; *Riley*, 2019 WL 1299377, at *4.

Defendant's Response then repeats arguments previously made in support of affirmance and does not show "a reasonable basis in law and in fact" for the ALJ's denial of benefits. *Hadden*, 851 F.2d at 1267; *see* Def.'s Resp. at 4-5; *see also Gutierrez*, 953

F.2d at 584-86 (finding that district court abused its discretion in denying fees to plaintiff where the ALJ's findings were unreasonable based on the record before the ALJ).

Defendant thus has not shown that the United States' position before the SSA and this Court was substantially justified. *See* 28 U.S.C. § 2412(d)(1)(A), (d)(1)(B), (d)(2)(D).

IV.    *Whether Plaintiff's Fee Request Is Reasonable*

The Court is aware of no special circumstances that would make an award of attorney's fees unjust. *See id.* § 2412(d)(1)(A). Thus, the only remaining issue is the reasonableness of Plaintiff's fee request. *See id.* § 2412(d)(1)(A), (d)(1)(B), (d)(2)(A).

Plaintiff seeks an attorney's fee award of $6336.80, calculated as follows:

- 1.2 attorney hours for work performed in 2017, at a rate of $197.00 per hour; 28.4 attorney hours for work performed in 2018, at a rate of $202.00 per hour; and 1.8 attorney hours for work performed in 2018, at a rate of $202.00 per hour.

*See* Pl.'s Mot. at 4-7. Plaintiff's attorney has provided a detailed statement of the time expended on this case, and the Court finds that this uncontroverted statement reflects a reasonable amount of time spent on this matter. *See id.*[2]

An attorney's fee award under the EAJA is limited to $125.00 per hour unless the court determines that an increase in the cost of living or special factor justifies a higher fee. *See* 28 U.S.C. § 2412(d)(A). Plaintiff has requested an upward adjustment of this statutory rate, and Defendant does not challenge the hourly fee requested by Plaintiff. The Court takes judicial notice of the fact that SSA's Office of General Counsel ("OGC") in Denver

---

[2] The inclusion in the fee award of time spent seeking this fee award (to which Defendant has offered no objection) is appropriate under *Commissioner, Immigration & Naturalization Service v. Jean*, 496 U.S. 154 (1990). *See* Pl.'s Mot. at 6; *Vincent*, 247 F. Supp. 3d at 1229-30.

has agreed as a matter of policy that $197.00 is a reasonable hourly rate for work performed in 2017, and $202.00 is a reasonably hourly rate for work performed in 2018 and 2019, on Social Security cases in the Western District of Oklahoma. *See* Pl.'s Mot. at 8-10 (Mem. from Denver OGC Office Regarding Soc. Sec. Litig. in Okla. & N.M. (Feb. 21, 2019)). Plaintiff therefore is entitled to an upward adjustment of the statutory rate consistent with the evidence provided.

## CONCLUSION

Having considered the parties' arguments as well as the relevant record, the Court concludes that: (1) Plaintiff is a prevailing party; (2) the government's position was not substantially justified; (3) there are no special circumstances that make an award of fees unjust in this case; and (4) the amount of the fee requested is reasonable. The Court therefore GRANTS Plaintiff's Motion (Doc. No. 24) and awards attorney's fees under the EAJA in the amount of $6336.80, with said amount to be paid directly to Plaintiff and sent in care of Lisa J. McNair Palmer, 7906 East 55th Street, Tulsa, Oklahoma 74145-7818. If attorney's fees are also awarded under 42 U.S.C. § 406(b), Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

IT IS SO ORDERED this 24th day of July, 2019.

_____
CHARLES B. GOODWIN
United States District Judge